[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11667
Before the court is the defendants' motion to dismiss the plaintiffs complaint on the ground that the Probate Court has exclusive jurisdiction over the plaintiffs claim. For the reasons stated herein, the defendants' motion is hereby denied.
 I BACKGROUND
The plaintiff, Emilio Mendez, alleges the following facts relevant to the present motion in his amended complaint filed November 14, 2000. On July 16, 1991, Mendez was performing repairs on the Bulkeley Bridge for his employer, White Oak Corporation (White Oak), when he was struck by a truck driven by Willie Milledge. As a result of that accident, Mendez brought a civil action against Milledge in the Superior Court for the judicial district of Hartford-New Britain at Hartford with a return date of August 3, 1993. White Oak successfully intervened as an additional plaintiff in that action. Mendez was awarded damages in the amount of $86,000, but Milledge never satisfied the judgment.
Milledge was insured by the defendants, ITT Hartford and Hartford Casualty Insurance Company (the insurance companies) for the period August 29, 1990, to August 29, 1991. Mendez sent notice to the insurance companies of the judgment he received against Milledge and of his intent to pursue his subrogation rights. Mendez filed the present action pursuant to General Statutes § 38a-321.
Mendez filed his original complaint in the present action on April 24, 1997, against ITT Hartford. White Oak's motion to cite in Hartford Casualty Insurance Company as an additional defendant was granted April 27, 1999. On November 14, 2000, Mendez filed the operative amended complaint against both of the insurance companies.
The insurance companies filed a motion to dismiss Mendez' amended complaint on May 7, 2001. Because Milledge died on August 27, 1999, the insurance companies claim that a Probate Court has exclusive jurisdiction to adjudicate claims against Milledge's estate pursuant to General Statutes §§ 45a-353 et seq. Along with their motion, the insurance companies filed a supporting memorandum of law, a copy of the notice of subpoena issued to Milledge, a copy of Milledge's obituary and supporting case law. Mendez timely filed an objection. The court heard oral argument on June 4, 2001.
 II
CT Page 11668 STANDARD OF REVIEW
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31; see Shay v. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147 (2000). It "essentially [asserts] that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original.) Gurlacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." (Internal quotation marks omitted.) Federal Deposit Ins. Co. v. Peabody,239 Conn. 93, 99, 680 A.2d 1321 (1996). "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case. . . ." (Internal quotation marks omitted.) Polymer Resources, Ltd. v. Keeney,227 Conn. 545, 557, 630 A.2d 1304 (1993); see also Hyllen-Davey v. Plan Zoning Commission, 57 Conn. App. 589, 592, 749 A.2d 682 (2000).
"The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Golenbock,238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996). "[P]arties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192,676 A.2d 831 (1996). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999).
 III DISCUSSION
The insurance companies argue that because Milledge is deceased, the Probate Court has exclusive jurisdiction over Mendez' claim. It is undisputed that Milledge died on August 27, 1999. However, the death of a judgment debtor does not affect a judgment creditor's rights under General Statutes § 38a-321.
The Connecticut probate statutes require "[t]he Court of Probate [to] cause newspaper notice to be published at least once notifying all persons having claims to present their claim to the fiduciary." General Statutes § 45a-354 (a). The statutes define a "claim" as "all claimsagainst a decedent (1) existing at the time of the decedent's death. . . ." (Emphasis added.) General Statutes § 45a-353 (d). CT Page 11669 Any creditor that fails to present a claim in accordance with the statutes may lose the right to recover on that claim. See General Statutes §§ 45a-354 (a)(3) and 45a-357 (b). "[S]tatutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant." (Internal quotation marks omitted.) Ferrigno v. Cromwell Development Associates,244 Conn. 189, 196, 708 A.2d 1371 (1998). The probate statutes apply only to claims against a decedent.
Mendez has made a claim under General Statutes § 38a-321. Section38a-321 provides a judgment creditor with a direct cause of action against the judgment debtor's insurer in the event the judgment debtor fails to satisfy the judgment within thirty days.[1] Accordingly, in the present case, Mendez' claim is against the insurance companies directly, not Milledge or his estate. The probate statutes are not applicable to Mendez' claim against the insurance companies in the present case.
There is no requirement in § 38a-321 that a judgment creditor attempt to collect from the judgment debtor before making a claim against the judgment debtor's insurer. The only requirement for filing a claim under § 38a-321 is that the judgment not be satisfied by the judgment debtor within thirty days. "It is well settled that a statute must be applied as its words direct." (Internal quotation marks omitted.) Wendtv. Wendt, 59 Conn. App. 656, 682, 757 A.2d 1225 (2000). "If the statutory language is clear and unambiguous, there is no room for construction." (Internal quotation marks omitted.) Hall Manor Owner's Assn. v. WestHaven, 212 Conn. 147, 157, 561 A.2d 1373 (1989). "It is the duty of the court to interpret statutes as they are written . . . and not by construction read into statutes provisions which are not clearly stated." (Citation omitted; internal quotation marks omitted.) Luce v. UnitedTechnologies Corp./Pratt Whitney Aircraft Division, 247 Conn. 126,133, 717 A.2d 747 (1998). "In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended." (Internal quotation marks omitted.) Modern Cigarette, Inc. v.Orange, 256 Conn. 105, 120, ___ A.2d ___ (2001). The court will not impose additional requirements on a judgment creditor in the event of the judgment debtor's death after judgment. Such a requirement is contrary to common sense and would lead to inconsistency in the application of §38a-321.
 IV CONCLUSION
Mendez is not required to bring a claim to the Probate Court as a CT Page 11670 prerequisite to use of the direct action statute. The defendants' motion to dismiss the complaint is denied.
Winslow, J.